## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VINCENT MAZZOLA, individually and as
Administrator of the Estate of Theresa
Mazzola,

        Plaintiff,

                                        Case No. 8:13-cv-1127-T-24-TBM

v.

BROWN & BROWN, INC., a Florida
corporation,

        Defendant.
_____/

## <u>ORDER</u>

       This cause comes before the Court on Defendant Brown & Brown, Inc.'s motion to dismiss.  [Doc. 4].  Plaintiff Vincent Mazzola opposes the motion.  [Doc. 5].

## I.    BACKGROUND

       Ronald Lacey ("Lacey") contacted his insurance agent, Defendant Brown & Brown, Inc., to procure homeowners insurance.  In addition to a homeowners policy quote, Defendant gave Lacey a quote for Federal Insurance Company's ("Federal Insurance") personal umbrella policy for $5,000,000.00 of excess liability coverage ("personal umbrella policy").  Lacey asked Defendant to place these policies for him.  On or about January 23, 2006, Defendant orally confirmed to Lacey that he was bound by the policies and would be invoiced for the premiums.

       On January 24, 2006, Plaintiff Vincent Mazzola and his wife, Theresa Mazzola, were on a charter boat, "The Lazy Bones," when it was struck by "M/Y Almost There," a 56-foot boat owned and operated by Lacey.  The Lazy Bones sank, resulting in Plaintiff's injuries and his wife's death.  Lacey notified his primary insurer, The Standard Fire Insurance Company

("Travelers"), of the accident.  Lacey also notified Defendant, who then notified Federal Insurance.  On January 27, 2006, Federal Insurance denied coverage because M/Y Almost There was not listed in the coverage summary of Lacey's personal umbrella policy.

In October 2006, Plaintiff sued Lacey and the charter boat company in federal court to recover damages for Plaintiff's injuries and his wife's wrongful death.  Plaintiff and Lacey settled the action for $4,000,000.00, and "Lacey assigned to [Plaintiff] unconditionally and irrevocably the proceeds from any and all actions, causes of actions or rights [Lacey] has against any person or entity arising out of or in any way relating to these events."  [Doc. 1, ¶ 11].  Final judgment was entered.  Travelers paid $970,000.00[1] and Lacey paid $250,000.000; Plaintiff is still owed $2,780,000.00.

In 2008, Plaintiff filed a state court action for declaratory relief against Federal Insurance. Partial summary judgment was entered in Federal Insurance's favor, because the court found that the written policy did not cover liabilities incurred by Lacey's operation of *M/Y Almost There*. Plaintiff's oral binder and promissory estoppel theories proceeded to trial, but Plaintiff's oral binder theory resulted in a directed verdict in Federal Insurance's favor.  Federal Insurance made a nuisance value settlement offer.  Because he had rejected an offer of judgment that Federal Insurance had previously made, Plaintiff accepted the nuisance value settlement offer to avoid the risk of being liable for attorney's fees.  A final order dismissing the state court action with prejudice was entered on March 27, 2013.

The next month, Plaintiff filed this action against Defendant alleging that Defendant failed to procure adequate insurance coverage for Lacey and seeking to recover the amount of $2,780,000.00.   Plaintiff's three-count complaint asserts claims for breach of contract, negligence, and breach of fiduciary duty.

---

[1] Travelers' insurance policy provided coverage of $1,000,000.00.

## II.     LEGAL STANDARD

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000)(citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

## III.    DISCUSSION

### A.      <u>Accrual of Plaintiff's claim</u>

Defendant moves to dismiss this action as premature, arguing that Plaintiff's claims against Defendant have not accrued under *Blumberg v. USAA Casualty Insurance Company,* 790 So. 2d 1061 (Fla. 2001), because Plaintiff failed to obtain a judicial determination that no coverage exists under Lacey's personal umbrella policy.

In *Blumberg*, the plaintiff filed suit against an insurer for breach of contract and promissory estoppel after the insurer denied his claim. *See id.* at 1063. The plaintiff alleged that coverage existed based on representations made by the insurer's agent, Bruner. The court directed a verdict on the breach of contract claim in the insurer's favor. Although the plaintiff recovered a jury verdict on the promissory estoppel claim, the amount did not exceed the insurer's offer of judgment. Before judgment was entered, the plaintiff dismissed his claim against the insurer with prejudice.

The *Blumberg* plaintiff then filed suit against Bruner, this time alleging that no coverage existed and that Bruner was the plaintiff's agent who negligently failed to procure insurance coverage for the plaintiff. Bruner raised a statute of limitations defense, asserting that the plaintiff's negligence claim accrued and the limitations period began running when the insurer first denied the plaintiff's claim for coverage prior to the plaintiff suing the insurer. The Florida Supreme Court held that the plaintiff's negligence action against Bruner did not accrue until the plaintiff's action against the insurer was final:

> [A] negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings or, if there are no related or underlying judicial proceedings, when the client's right to sue in the related or underlying proceeding expires.

*Id.* at 1065.

Defendant contends that Plaintiff's claim against Defendant could not accrue under *Blumberg* until Plaintiff obtained a judicial determination that no coverage existed under the personal umbrella policy. Defendant argues that Plaintiff's claim did not accrue because his settlement with Federal Insurance precluded Plaintiff from obtaining the requisite judicial determination.

4

However, *Blumberg* held that the claim accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings, not when the client obtains a "judicial determination of no coverage."  Applying *Blumberg* to this case, Plaintiff's claims against Defendant accrued when Plaintiff incurred damages at the conclusion of his state court action against Federal Insurance—*i.e.,* when Plaintiff's action was dismissed with prejudice after Plaintiff settled for a nominal amount.  *See Perez-Abreu, Zamora & De La Fe, P.A. v. Taracido*, 790 So. 2d 1051, 1054 (Fla. 2001) ("Applying this [*Blumberg*] reasoning to the present case, we conclude that the cause of action against the Attorneys did not accrue until the related or underlying judicial proceeding involving Childers and the Clients settled.").  Defendant provides no support for its contention that Plaintiff must obtain a judicial determination of no coverage or that settling with Federal Insurance prevented Plaintiff's claim from accruing.  The Court therefore rejects Defendant's argument that Plaintiff's claims have not accrued.

Defendant also asserts that Plaintiff's decision to settle with Federal Insurance and sue Defendant contravenes the Florida Supreme Court's statement in *Blumberg* that "litigants should not be able to pick and choose which verdicts they want and which they do not."  However, that statement was unrelated to the *Blumberg* court's discussion regarding the accrual of a client's negligence claim against the client's agent; rather, it related to the *Blumberg* court's discussion regarding judicial estoppel, a separate issue that was not raised in Defendant's motion to dismiss.[2]  Accordingly, the Court denies Defendant's motion to dismiss this action as premature.

---

[2] Even if Defendant's motion to dismiss could be construed as arguing that Plaintiff's action is judicially estopped under *Blumberg*, it would be denied.  In order for Plaintiff's action against Defendant to be judicially estopped, Plaintiff must have: (1) successfully maintained its state court action against Federal Insurance and (2) asserted an inconsistent position in this action.  *Id.* at 1066.  Plaintiff's complaint, on its face, does not show that Plaintiff successfully maintained his action against Federal Insurance.  *See Brown & Brown, Inc. v. School Bd. of Hamilton Cnty.*, 97 So. 3d 918, 921 (Fla. 5th DCA 2012) ("Where . . . the prior claim was resolved by settlement, we believe the alleged prior inconsistent position cannot be viewed as having been successfully asserted.").

### B.      Whether Plaintiff's settlement determined that coverage existed

Alternatively, Defendant contends Plaintiff's settlement with Federal Insurance was a determination that coverage existed under the personal umbrella policy and therefore Defendant could not have negligently failed to procure insurance coverage.   As support, Defendant cites to one case, *Crowder v. Jacksonville Transit Authority*, 669 So. 2d 1101 (Fla. 1st DCA 1996).

However, Defendant fails to explain how *Crowder*, a workers' compensation action, applies here.   In *Crowder*, the claimant sought wage loss benefits from her employer and her employer's workers' compensation carrier.   Based on her representation that she suffered a permanent impairment from a work-related accident, the claimant settled her claim in exchange for a $30,000.00 lump-sum payment.   The claimant then brought another claim against her employer for further wage loss benefits, this time asserting that she suffered a temporary, not permanent, impairment.   The *Crowder* court held that the claimant's successful settlement—which was based on her representation that she suffered a permanent impairment—precluded her from later taking the position that she did not suffer a permanent impairment.

*Crowder* is inapposite.   Plaintiff does not allege that his settlement with Federal Insurance was based on his representation that coverage exists under the personal umbrella policy.   Further, Plaintiff does not allege that he successfully settled with Federal Insurance; rather, he alleges that he settled for a nuisance value.   The Court therefore denies Defendant's motion to dismiss on this ground.

### C.      Whether Plaintiff fails to state a cause of action against Defendant

Defendant contends Plaintiff's complaint fails to articulate whether Plaintiff asserts direct claims against Defendant or whether Plaintiff's claims are based on the assignment from Lacey. Defendant argues that, to the extent Plaintiff's claims are not based on the assignment, Plaintiff's

complaint fails to adequately state a direct claim against Defendant and should be dismissed.  In response, Plaintiff states that he has not asserted direct claims against Defendant in this action. Further, Plaintiff's complaint alleges that Lacey assigned his claims to Plaintiff  and that the claims assigned "includes the claims asserted herein [the complaint]."  [Doc. 1, ¶ 11].  The Court therefore rejects Defendant's argument that Plaintiff fails to allege his claims are based on the assignment from Lacey.

Defendant also argues that Lacey's claim for damages, and therefore Plaintiff's claim for damages, is limited to $250,000.00, because the complaint alleges that Lacey was only personally liable for $250,000.00.  However, Plaintiff's complaint alleges that Plaintiff and Lacey settled for $4,000,000.00, a consent final judgment was entered, and $2,780,000.00 is still owed.  The Court therefore rejects Defendant's argument that Plaintiff cannot state a claim for damages over $250,000.00.

IV.   **CONCLUSION**

Accordingly, Defendant Brown & Brown, Inc.'s motion to dismiss [Doc. 4] is DENIED.

**DONE** and **ORDERED** at Tampa, Florida, 27th day of August, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:  All parties & Counsel of Record